ROSA K. HIRJI, SBN 204722
JENNY CHAU, SBN 274360
DIANA MALTZ SBN 322748
**LAW OFFICES OF HIRJI & CHAU, LLP.**
rosa@rkhlawoffice.com
5173 Overland Avenue
Culver City, California 90230
(310) 391-0330 * (310) 943-0311 fax

*Attorneys for DIANA MILLS and CHRIS MILLS,*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| DIANA MILLS and CHRIS MILLS<br><br>Plaintiffs,<br><br>v.<br><br>LONG BEACH UNIFIED SCHOOL DISTRICT<br><br>Defendant. | Case No. Unassigned<br><br>**COMPLAINT FOR ATTORNEY'S FEES** |

Plaintiffs DIANA MILLS ("D. MILLS") and CHRIS MILLS ("C. MILLS), (collectively "Plaintiffs") bring this complaint for attorneys' fees against defendant LONG BEACH UNIFIED SCHOOL DISTRICT ("Defendant") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., incurred in successfully prosecuting an administrative due process hearing on behalf of a student with a disability, C.M.

In support of this complaint (the "Complaint"), Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and 20 U.S.C. § 1415(i)(3)(A).

2. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

3. Plaintiffs DIANA MILLS and CHRIS MILLS are natural persons residing within the City of Long Beach, County of Los Angeles, California.

4. Defendant LONG BEACH UNIFIED SCHOOL DISTRICT is, and at all times pertinent to this Complaint has been, a public school district organized and existing under the laws of the State of California. Defendant is located within the City of Long Beach, County of Los Angeles, California. Defendant is a Local Education Agency as defined within the IDEA. At all times relevant herein, Defendant was responsible for providing C.M. with a free and appropriate public education under the IDEA.

**FACTUAL BACKGROUND AND ADMINISTRATIVE COMPLAINT**

5. C.M. is the child of Plaintiffs D. MILLS and C. MILLS and the student in the underlying OAH matter. At all times pertinent to this complaint, C.M. has been and presently is a minor child. At all times pertinent to this complaint, C.M. has been and presently is a child with a disability within the meaning of 20 U.S.C. § 1401(3)(A).

6. At all times pertinent to this complaint, C.M.'s educational rights have been held by Plaintiffs D. MILLS and C. MILLS.

7. On or about August 27, 2018, Plaintiffs filed a complaint on behalf of C.M. with the California Office of Administrative Hearings ("OAH"). The complaint requested an administrative impartial due process hearing under California statutes and regulations implementing 20 U.S.C. §§ 1415(b)(6), (b)(7), and (f)(1). The due process hearing sought relief from Defendant for violations of the IDEA and concomitant provisions of the California Education Code.

8. Administrative Law Judge Paul H. Kamoroff heard the aforementioned matter, designated at OAH Case No. 2018081089, in Long Beach, California on July 30

and 31, August 1, 9, and 13, 2019.

9. The due process hearing addressed the following issues:

<u>Issue 1</u>: Did Long Beach deny Student a free and appropriate public education, referred to as a FAPE, during the 2016-2017 school year, by filing to: (a) Address Student's behaviors prior to May 30, 2017; and (b) Appropriately address Student's behavioral needs?

<u>Issue 2</u>: Did Long Beach deny Student a FAPE in the February 29, 2017 individualized education program, referred to as an IEP, by failing to offer Student appropriate: (a) Behavior intervention services; and (b) Goals in the areas of (i) attention, (ii) behavior, (iii) toileting, and (iv) social-emotional?

<u>Issue 3</u>: Did Long Beach deny Student FAPE in the February 21, 2018 IEP, by failing to offer Student appropriate: (a) Behavior intervention services; [and] (b) Goals in the areas of (i) social-emotional and (ii) behavior?

<u>Issue 4</u>: Did Long Beach deny Student a FAPE in the June 12, 2018 IEP, by failing to offer Student: (a) A one-to-one behavioral aide; and (b) Appropriate behavior goals?

<u>Issue 5</u>: Did Long Beach deny Student a FAPE in the February 12, 2019 IEP, including the March 5 and 14, 2019 IEP amendments, up to the May 23, 2019 IEP amendment, by failing to offer Student appropriate: (a) Behavior services, including a one-to-one behavioral aide; and (b) Behavior goals?

10. On or about September 27, 2019, OAH rendered a final decision ("the OAH Decision") in the administrative case pursuant to 20 U.S.C. § 1415(f)(3)(E) and (i)(1)(A).

11. The OAH Decision found that Student, C.M., prevailed on Issues 2(a), 2(b)(i), and 2(b)(ii); Issue 3(a) and 3(b)(ii); Issue 4(a) and 4(b); and Issue 5(a) and (b).

The OAH Decision awarded C.M. compensatory educational services, including behavior services and specialized academic instruction services.

12. The OAH Decision found that Defendant had denied Student a free and appropriate public education during the approximate period of February 29, 2017 through May 23, 2019 and granted C.M. substantial relief.

13. Student is a prevailing party in the OAH matter within the meaning of 20 U.S.C. § 1415(i)(3)(B). Consequently, Plaintiffs D. MILLS and C. MILLS are entitled to recover from Defendant reasonable attorneys' fees incurred in instituting and prosecuting the administrative due process hearing case and for preparation and prosecution of this action.

## COUNT ONE
## FOR ATTORNEYS' FEES
## 20 U.S.C. § 1415(i)(3)

14. Plaintiffs re-allege and incorporate by this reference all previous paragraphs in this Complaint as though fully set forth herein.

15. C.M.'s due process hearing was a proceeding within the meaning of the IDEA. Defendant LONG BEACH UNIFIED SCHOOL DISTRICT is a local education agency within the meaning of the IDEA. Plaintiffs D. MILLS and C. MILLS are C.M.'s parents.

16. The OAH Decision grants C.M. substantial relief. By virtue of this relief, C.M. is a prevailing party within the meaning of the IDEA.

17. As C.M.'s parents, Plaintiffs D. MILLS and C. MILLS are entitled to recover from Defendant LONG BEACH UNIFIED SCHOOL DISTRICT reasonable attorneys' fees in instituting and prosecuting the administrative due process hearing case.

//

18.     Plaintiffs D. MILLS and C. MILLS have incurred and will continue to incur attorneys' fees for the preparation and prosecution of this action.

## **PRAYERS**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     On COUNT ONE for an award from Defendant of attorneys' fees in an amount determined by the Court to be reasonable for the preparation, filing, and prosecution of C.M.'s OAH case;

2.     For an award of reasonable attorneys' fees incurred in preparation and prosecution of the instant action;

3.     For ordinary costs of litigation; and

4.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATE: March 25, 2020

_____
Diana Maltz, Esq.
Attorneys for Plaintiff